UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

BRIAN M. SANFORD,

    Plaintiff,

v.                                 Case No. 5:23-cv-402-JA-PRL

THE STANDARD FIRE
INSURANCE COMPANY,

    Defendant.
_____

**ORDER**

This case is before the Court on Defendant's Notice of Removal (Doc. 1).

Federal courts are courts of limited jurisdiction. "[B]ecause a federal court is powerless to act beyond its statutory grant of subject matter jurisdiction, a court must zealously insure that jurisdiction exists over a case, and should itself raise the question of subject matter jurisdiction at any point in the litigation where a doubt about jurisdiction arises." *Smith v. GTE Corp.*, 236 F.3d 1292, 1299 (11th Cir. 2001).

Plaintiff, Brian Sanford, filed this case in state court on May 25, 2023. (Doc. 1-1). Defendant then removed it to this Court, invoking the Court's diversity jurisdiction under 28 U.S.C. § 1332. (Doc. 1). But Defendant has not sufficiently alleged diversity of citizenship. In the Notice of Removal, Defendant asserts that "because Plaintiff is a resident of Florida and Standard Fire is a

resident of Connecticut, complete diversity of citizenship exists between the parties." (*Id.* at 3). However, "[r]esidence alone is not enough" to establish citizenship. *Travaglio v. Am. Express Co.*, 735 F.3d 1266, 1269 (11th Cir. 2013).

"Citizenship is equivalent to 'domicile' for purposes of diversity jurisdiction." *McCormick v. Aderholt*, 293 F.3d 1254, 1257 (11th Cir. 2002). "A person's domicile is the place of his true, fixed, and permanent home and principal establishment, and to which he has the intention of returning whenever he is absent therefrom . . . ." *Id.* at 1257–58 (alteration in original) (internal quotation marks omitted) (quoting *Mas v. Perry*, 489 F.2d 1396, 1399 (5th Cir. 1974)). That a party may be a resident of a certain state does not establish that state as his or her domicile. Defendant's reliance on the assertion in the Complaint that Plaintiff "at all times material hereto was a resident of . . . Florida," (Doc. 1-1 ¶ 2, *cited in* Doc. 1 at 3), is not sufficient to establish Plaintiff's citizenship.

Nor has Defendant adequately alleged its own citizenship. "For the purposes of [28 U.S.C. § 1332] . . . a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business . . . ." 28 U.S.C. § 1332(c)(1). Defendant alleges that it "is a foreign profit corporation and citizen of Connecticut doing business in the state of Florida." (Doc. 1 at 3). But the attachment in support of this assertion shows only that Defendant's principal

place of business is in Connecticut; it does not state where Defendant is incorporated. (*See* Doc. 1-7).

Accordingly, it is **ORDERED** that **no later than July 10, 2023**, Defendant shall file an amended notice of removal establishing the citizenship—not merely the residence—of each party.

**DONE** and **ORDERED** on June 28, 2023.

JOHN ANTOON II
United States District Judge

Copies furnished to:
Counsel of Record
Unrepresented Parties

3